**In re CHARLES E. SUTPHIN, INC., Debtor.**

**John G. LEAKE, Trustee, Plaintiff,**

**v.**

**DEUTZ TRACTOR CORPORATION, et al., Defendants.**

Bankruptcy No. 5–81–00268.

Adv. No. 5–84–0037.

United States Bankruptcy Court, W.D. Virginia, Harrisonburg Division.

Dec. 3, 1984.

Ronald L. Walutes, Annandale, Va., for debtor.

Earl Q. Thumma, Jr., Harrisonburg, Va., for Deutz Tractor Corp., trustee.

Douglas T. Stark, Harrisonburg, Va., for trustee.

## MEMORANDUM OPINION

THOMAS J. WILSON, Bankruptcy Judge.

On or about February 1, 1981, Charles E. Sutphin obtained from John P. Bennett a 1976 International Harvester Tractor/Truck (hereinafter tractor). The Virginia Certificate of Title shows the tractor to have been titled under the name of Charles E. Sutphin. The tractor was received in exchange for two farm vehicles on which Deutz Tractor Corporation (hereinafter Deutz) had a properly perfected security interest by way of their filed financing statement covering the farm vehicles held as inventory as described in a floor plan arrangement. The floor plan arrangement was made between Deutz and the Debtor, Charles E. Sutphin, Inc., a corporation.

The tractor in question was not held in the Debtor's inventory for resale. It was placed in over-the-road service. The Virginia Certificate of Title for the tractor does not bear any notation indicating any security interest of Deutz in the vehicle.

Having previously determined, by Order entered April 13, 1984, that the tractor belonged to the corporation rather than the individual, the Court now rules on the claim to the vehicle asserted by Deutz.

Even though the certificate of title bears no notation of Deutz's security interest, Deutz claims to have a perfected security interest in the tractor by virtue of its filed financing statement covering the Debtor's inventory and the proceeds thereof.

The Trustee contends that while Deutz may have had a perfected security interest

in the tractor as "proceeds" of its collateral, that interest became unperfected twenty (20) days after the tractor came into the Debtor's possession, because this tractor constitutes proceeds of a type in which a security interest cannot be perfected by the filing of a financing statement.

The issue before the Court is whether the financing statement of Deutz in proceeds of its collateral is sufficient to perfect a security interest in this tractor after twenty (20) days have passed since the Debtor received possession of the vehicle.

■ Virginia Code § 8.9–306 defines "proceeds" as "whatever is received upon the sale, exchange, collection or other disposition of collateral or proceeds." Since the tractor was received upon the exchange of Deutz's collateral, the tractor constitutes proceeds under this section.

■ Section 8.9–306 also sets forth the secured party's rights on disposition of collateral. The security interest of Deutz continues in any identifiable proceeds of the original collateral. § 8.9–306(2).

Subsection (3) provides the key to our fact situation.

The security interest in proceeds is a continuously perfected security interest if the interest in the original collateral was perfected but it ceases to be a perfected security interest and becomes unperfected twenty days after receipt of the proceeds by the debtor unless

(a) a filed financing statement covers the original collateral *and the proceeds are collateral in which a security interest may be perfected by filing* in the office or offices where the financing statement has been filed ... or

.    .    .    .    .

(c) the security interest in the proceeds is perfected before the expiration of the twenty-day period ....

The original collateral was inventory of the Debtor. Deutz's security interest in it was perfected by the filing of a financing statement. The proceeds of the collateral were not inventory. The proceeds, being a motor vehicle not held as inventory, was

collateral in which a security interest could *not* be perfected by filing. Thus subsection (a) is not satisfied. Subsection (b) dealing with cash proceeds is not applicable, but if the requirements of (c) were met, Deutz would have a continuously perfected security interest in the proceeds. However, Deutz failed to note its security interest on the certificate of title as would be required to perfect a security interest in a motor vehicle not held for resale under Title 8.9 of the Virginia Code. Thus, after twenty days Deutz's security interest became unperfected.

*In re SMS, Inc.*, 32 U.C.C.Rep.Serv. 1631 (Bankr.D.Kan.1981) cited by Deutz supports the Trustee's position. The proceeds in *SMS* were accounts or general intangibles which could be perfected by filing in the same manner as the original collateral. As discussed above, the tractor could not be perfected by filing in the same manner as the Debtor's inventory.

Therefore, the lien of Trustee in bankruptcy has priority over the then unperfected security interest of Deutz. 11 U.S.C. § 544(a); Va.Code § 8.9–301(1)(b) (1984 Cum.Supp.).

An appropriate order will be entered.

## ORDER

Upon the claimed perfected security interest in favor of Deutz Tractor Corporation argued in conjunction with the turnover complaint by the Trustee, the Court finding that Deutz Tractor Corporation failed to perfect its security interest in proceeds of its collateral as required by Va.Code § 8.9–306 (1984 Cum.Supp.), as detailed in the Memorandum Opinion of even date, it is, accordingly, ADJUDGED and ORDERED that the Trustee's rights in the proceeds, namely the 1976 International Harvester Tractor/Truck, are superior to those of Deutz Tractor Corporation as of the time the Debtor filed its petition for relief.